**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION**

OFFICE OF THE ATTORNEY GENERAL,
STATE OF FLORIDA, DEPARTMENT OF
LEGAL AFFAIRS,

      Plaintiff,

v.

OPENAI GLOBAL, LLC; OPENAI
FOUNDATION (F/K/A OpenAI, Inc.);
OPENAI OPCO, LLC; OPENAI GROUP
PBC; OPENAI HOLDINGS, LLC; and
SAM ALTMAN,

      Defendants.

CASE NO:

_____/

**<u>DEFENDANTS' NOTICE OF REMOVAL</u>**

Defendant OpenAI Group PBC; Defendant OpenAI Foundation; Defendant OpenAI

OpCo, LLC; Defendant OpenAI Holdings, LLC; Defendant OpenAI Global, LLC; and Defendant

Sam Altman (collectively, "OpenAI") pursuant to 28 U.S.C. §§ 1441, files this Notice of Removal

of the civil action filed by the Office of the Attorney General for the State of Florida ("Plaintiff")

against OpenAI in the Circuit Court of the Tenth Judicial Circuit in and for Highlands County,

Florida to the United States District Court for the Southern District of Florida, Fort Pierce Division.

OpenAI reserves all rights to respond to Plaintiff's claims, including but not limited to objecting

to personal jurisdiction and venue and moving to dismiss this action.[1]

---

[1] In joining this Notice of Removal, Defendant Sam Altman is not making a general appearance in this matter and objects to and otherwise reserves the defense of lack of personal jurisdiction.

- 1 -

Pursuant to 28 U.S.C. § 1446(a) and without waiver of additional grounds, OpenAI provides the following short and plain statement of the grounds for removal:

1. OpenAI has been named in the case captioned *Office of the Attorney General, State of Florida, Department of Legal Affairs v. OpenAI Global, LLC, et al.*, Case No. 26-000295-GC-AXMX in the Tenth Judicial Circuit for Highlands County, Florida. Plaintiff's Complaint alleges causes of action against OpenAI for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and the federal Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6501 *et seq.*, as well as several implementing federal regulations, 16 C.F.R. part 312.

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit A,** a copy of the docket in the State Court Action, current as of this filing, is attached as **Exhibit B**, and a copy of all other State Court Action documents are attached as **Exhibit C.**

3. Under 28 U.S.C. § 1441(a), a defendant may remove any civil action brought in a state court to federal district court, as long as the federal court would have had original jurisdiction over the action if it were initially filed in federal court. Federal district courts have original jurisdiction when there is a federal question, that is, when the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have supplemental jurisdiction over all other claims that form part of "the same case or controversy" as civil actions in which the courts have original jurisdiction. 28 U.S.C. § 1367.

4. First, this Court has federal jurisdiction because Plaintiff explicitly alleges claims that arise under federal law, specifically alleging violations of COPPA. *See* Ex. A, ¶¶ 219-239 (alleging violations of COPPA and implementing regulations); ¶ 230 ("Defendants fail to provide notice to parents about the information they collect from children and how they use such

information in violation of 16 C.F.R. §§ 312.4(b)—(c)"); ¶ 233 ("Defendants have failed and continue to fail to obtain verifiable parental consent before collecting or using children's personal information, in violation of 16 C.F.R. § 312.5"); *Norris v. Brady*, 668 F. Supp. 3d 1257, 1263 (S.D. Fla. 2023) ("When a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on the resolution of a substantial question of federal law, federal question jurisdiction exists"); *Roman v. Hooters Spring Hill, Inc.*, No. 8:16-CV-01332, 2016 WL 8997452, at *2 (M.D. Fla. July 8, 2016) (holding that federal question jurisdiction existed where, although the Complaint sought relief pursuant to state law, the plaintiff requested a declaration that the defendant violated the Fair Labor Standards Act, which required the Court to interpret the federal statute).

5.      Second, this Court has an independent basis for federal question jurisdiction because a violation of COPPA is an essential element of at least one of Plaintiff's causes of action, resolution of which necessarily depends on the construction and application of COPPA and its implementing regulations promulgated by the Federal Trade Commission ("FTC"). *See Ayres v. Gen. Motors Corp.*, 234 F.3d 514 (11th Cir. 2000). This presents a substantial federal question for several reasons, including because Congress enacted procedures contemplating that a state attorney general would bring an action in a United States district court for alleged violations of the FTC's regulations implementing COPPA and would provide notice to the FTC before or at the time of filing the lawsuit. 15 U.S.C. § 6504.

6.      Third, this Court has federal jurisdiction because the exclusive means for a State Attorney General to enforce violations of COPPA is federal district court. As the Supreme Court has explained, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law,

is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003). The "dispositive question" is whether "Congress intended the federal cause of action to be exclusive." *Id.* at 9, n.5. If so, *any* state-law claim falling within that exclusive federal cause of action "necessarily arises under federal law and the case is removable." *Id.* at 9.

7.      Such is the case here.  COPPA's section entitled "Actions by States" provides:

> In *any case* in which the [AG] of a State has reason to believe that an interest of the residents of that State has been or is threatened or adversely affected by the engagement of any person in a practice that violates any regulation of the [Federal Trade] Commission prescribed under section 6502(b) of this title, the State, as parens patriae, may bring a civil action on behalf of the residents of the State **in a district court of the United States** of appropriate jurisdiction to [obtain relief].

15  U.S.C. § 6504(a)(l (emphasis added)).

8.      Additionally, this Court has supplemental jurisdiction over Plaintiff's remaining causes of action brought under Florida state law because they form part of the same "case or controversy" as Plaintiff's federal claims. 28 U.S.C. § 1367.

9.      Pursuant to 28 U.S.C. § 1441(a), venue for the purposes of removal to federal court is proper in this Court because it is "the district court of the United States for the district and division embracing the place where [the State Action] is pending," i.e., Highlands County, Florida. *See* Local Rule 3.1 ("Actions and proceedings shall be tried in their county of origin, except that Highlands, Indian River, Martin, Okeechobee and St. Lucie County actions and proceedings shall be tried at Fort Pierce, Florida.").

10.     This removal is timely pursuant to 28 U.S.C. § 1446(b)(1). Defendants OpenAI Group PBC and OpenAI OPCO, LLC were served on June 2, 2026. Defendants OpenAI Foundation, OpenAI Global, LLC, and OpenAI Holdings, LLC were served on June 3, 2026. Counsel for OpenAI accepted service on behalf of Defendant Sam Altman on June 18, 2026.

Accordingly, OpenAI's Notice is timely filed before the deadline to remove the case from state court within 30 days.

11.     OpenAI is providing notice of this Notice to the Clerk of Court for the Tenth Judicial Circuit in and for Highlands County, Florida, and OpenAI has provided a copy of this Notice to the Plaintiff.

12.     On June 22, 2026, the Tenth Judicial Circuit entered an Agreed Order granting an extension to respond to the complaint by August 24, 2026. *See* Agreed Order Granting Unopposed Motion for Extension for Time, [Dkt. No. 42].  Given the approaching holiday weekend, and pursuant to 28 U.S.C. § 1450, Defendants request that this Court incorporate the existing responsive pleading deadline of August 24, 2026, into the case schedule.  *See* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in [a removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

WHEREFORE, Defendants respectfully give notice of and remove this action to this Court.

Dated: July 2, 2026

Respectfully submitted,

By:*/s George S. LeMieux, Esq.*
George S. LeMieux, Esq.
Florida Bar No. 016403
GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
Facsimile: (954) 523-1722
Primary E-mail: glemieux@gunster.com
Secondary E-Mail: rbelons@gunster.com

Joseph W. Jacquot
Florida Bar No. 189715
GUNSTER, YOAKLEY & STEWART, P.A.
1 Independent Drive, Suite 2300
Jacksonville, Florida 32202

Telephone: (904) 354-1980
Facsimile: (904) 354-2170
Primary E-mail:     jjacquot@gunster.com
Secondary E-mail: wpruim@gunster.com


Gregor J. Schwinghammer, Jr.
Florida Bar No. 90158
GUNSTER, YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone: (561) 655-1980
Facsimile:  (561) 655-5677
Primary Email: gschwinghammer@gunster.com
Secondary Email: jfirogenis@gunster.com

Monique Zapata, Esq.
Florida Bar No. 1025828
GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
Telephone: (954) 462-2000
Facsimile: (954) 523-1722
Primary E-mail: mzapata@gunster.com
Secondary E-Mail: shely@gunster.com

- 7 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document is being served on July 2, 2026, via

automatic email generated by the filing system CM/ECF to all counsel of record.