**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION**

| | |
|---|---|
| OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS, <br><br> Plaintiff, <br><br> v. <br><br> OPENAI GLOBAL, LLC; OPENAI FOUNDATION (F/K/A OpenAI, Inc.); OPENAI OPCO, LLC; OPENAI GROUP PBC; OPENAI HOLDINGS, LLC; and SAM ALTMAN, <br><br> Defendants. | Case No. 2:26-cv-14238 <br><br><br> Hon. Aileen M. Cannon |

**<u>MOTION TO REMAND</u>**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................ 1

FACTUAL BACKGROUND ......................................................................................................... 3

LEGAL STANDARD ..................................................................................................................... 4

ARGUMENT .................................................................................................................................. 5

      1.      Plaintiff does not allege a claim "arising" under COPPA. .................................... 5

      2.      Plaintiff's claims do not meet the *Grable* exception. ........................................... 6

      3.      COPPA does not completely preempt consistent state law claims...................... 12

      4.      Plaintiff is entitled to costs and expenses as a result of Defendants' unreasonable removal attempt. ................................................................................................... 14

CONCLUSION .............................................................................................................................. 14

LOCAL RULE 7.1(a)(3) CERTIFICATION ............................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Well Works Co. v. Layne & Bowler Co.*,
241 U.S. 257 (1916) ............................................................................................................1

*Angel v. Am. HomeHealth, Inc.*,
No. 8:08-cv-486-T-33TBM, 2008 WL 11335072 (M.D. Fla. Oct. 24, 2008) ........................13

*AST & Sci. LLC v. Delclaux Partners SA*,
143 F.4th 1249 (11th Cir. 2025) .....................................................................................7, 10

*Ayres v. Gen. Motors Corp.*,
234 F.3d 514 (11th Cir. 2000) ..............................................................................................8

*New Mexico ex rel. Balderas v. Preferred Care, Inc.*,
158 F. Supp. 3d 1226 (D.N.M. 2015) ...................................................................................11

*New Mexico ex rel. Balderas v. Tiny Lab Prods.*,
457 F. Supp. 3d 1103 (D.N.M. 2020) ...................................................................................13

*Beneficial Nat'l Bank v. Anderson*,
539 U.S. 1 (2003) ...........................................................................................................1, 13

*Blab TV of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*,
182 F.3d 851 (11th Cir. 1999) ..............................................................................................6

*California v. TikTok Inc.*,
No. 4:24-CV-07942-YGR, 2025 WL 683730 (N.D. Cal. Jan. 28, 2025) ..............................12

*Caterpillar v. Williams*,
482 U.S. 386 (1987) ..............................................................................................................6

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988) ...........................................................................................................7, 9

*Crawford v. Fargo Mfg. Co.*,
341 F. Supp. 762 (M.D. Fla. 1972) ........................................................................................7

*Denton v. Wal-Mart Stores, Inc.*,
733 F. Supp. 340 (M.D. Fla. 1990) ........................................................................................7

*Empire Healthchoice Assur., Inc. v. McVeigh*,
547 U.S. 677 (2006) ..............................................................................................................7

*Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Trust for S. Cal.*,
    463 U.S. 1 (1983)......................................................................................................4

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
    545 U.S. 308 (2005)...............................................................................1, 4, 7, 9, 10

*Gunn v. Minton*,
    568 U.S. 251 (2013)...........................................................................................2, 7, 10

*Henderson v. Wash. Nat'l Ins.*,
    454 F.3d 1278 (11th Cir. 2006) ...............................................................................4

*Jones v. Google LLC*,
    73 F.4th 636 (9th Cir. 2023) ..................................................................................12

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994)..................................................................................................4

*Martin v. Franklin Cap. Corp.*,
    546 U.S. 132 (2005)................................................................................................14

*West Virginia ex rel. McGraw v. Bristol Myers Squibb Co.*,
    No. 13–1603 (FLW), 2014 WL 793569 (D.N.J. Feb. 26, 2014) .............................10

*Merrell Dow Pharms. Inc. v. Thompson*,
    478 U.S. 804 (1986)................................................................................................10

*Navistar Intern. Corp. v. Deloitte & Touche LLP*,
    837 F. Supp. 2d 926 (N.D. Ill. 2011) ......................................................................11

*Nevada v. Bank of Am. Corp.*,
    672 F.3d 661 (9th Cir. 2012) ..................................................................................11

*Norris v. Brady*,
    668 F. Supp. 3d 1257 (S.D. Fla. 2023) .....................................................................5

*Pennsylvania v. Eli Lilly & Co.*,
    511 F. Supp. 2d 576 (E.D. Pa. 2007) ......................................................................11

*Platkin v. Discord Inc.*,
    No. 25-5130, 2026 WL 1091354 (D.N.J. Apr. 22, 2026)...................................11, 12

*Roman v. Hooters Spring Hill, Inc.*,
    No. 8:16–cv–01332, 2016 WL 8997452 (M.D. Fla. July 8, 2016)...........................6

*Royal Canin U. S. A., Inc. v. Wullschleger*,
    604 U.S. 22 (2025)..................................................................................................4, 5

*Sheridan Healthcorp, Inc. v. WellCare of Fla., Inc.*,
No. 07-61018-CIV-DIMITROULEAS, 2007 WL 9701702
(S.D. Fla. Nov. 15, 2007)................................................................................................13

*Smith v. Kansas City Title & Tr. Co.*,
255 U.S. 180 (1921).........................................................................................................10

*New Mexico ex rel. Torrez v. Meta Platforms, Inc.*,
No. 1:23-cv-01115-MIS-KK, 2024 WL 413609 (D.N.M. Feb. 5, 2024) .................................12

*Wi-LAN Int'l Taiwan, Inc. v. Hon Hai Precision Indus. Co.*,
No. 12-cv-62097, 2013 WL 12091642 (S.D. Fla. Apr. 24, 2013)............................................9

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
No. 20-MD-2924, 20-CV-82312-RLR, 2021 WL 732725
(S.D. Fla. Feb. 25, 2021)..................................................................................................10

**Statutes**

15 U.S.C. § 6501 *et seq.*.....................................................................................................3

15 U.S.C. § 6502(d) ..........................................................................................................12

15 U.S.C. § 6504(a)(1)........................................................................................................12

28 U.S.C. § 1331..............................................................................................................1, 5

28 U.S.C. § 1338(a) .............................................................................................................2

28 U.S.C. § 1447(c) ......................................................................................................1, 2, 14

Ala. Code § 8-19-6............................................................................................................10

Alaska Stat. § 45.50.545 ...................................................................................................10

Ariz. Rev. Stat. Ann. § 44-1522(C) ...................................................................................10

Conn Gen. Stat. Ann. § 42-110b(b) ...................................................................................10

D.C. Code Ann. § 28-3901(d)............................................................................................10

Fla. Stat. Ann. § 501.203(3)(c) ...........................................................................................4

Fla. Stat. Ann. § 501.204(2)...............................................................................................10

Fla. Stat. Ann. § 501.204 *et seq.* .........................................................................................3

Ga. Code Ann. § 10-1-391(b) ............................................................................................10

Haw. Rev. Stat. Ann. § 480-2(b) ...............................................................................................10

Idaho Code Ann. § 48-604(1) ...................................................................................................11

Ill. Comp. Stat. Ann. § 505/2 ...................................................................................................11

Mass. Gen. Laws Ann. ch. 93A, § 2(b).....................................................................................11

Md. Code Ann., Com. Law § 13-105 ........................................................................................11

Me. Rev. Stat. Ann. tit. 5, § 207(1)...........................................................................................11

Miss. Code Ann. § 75-24-3(c) ..................................................................................................11

Mont. Code Ann. § 30-14-104(1) .............................................................................................11

N.H. Rev. Stat. Ann. § 358-A:13..............................................................................................11

N.M. Stat. Ann. § 57-12-4 ........................................................................................................11

Ohio Rev. Code Ann. § 1345.02(c) ..........................................................................................11

R.I. Gen. Laws § 6-13.1-3.........................................................................................................11

S.C. Code Ann. § 39-5-20(b) ....................................................................................................11

Tenn. Code Ann. § 47-18-115 ..................................................................................................11

Tex. Bus. & Com. Code Ann. § 17.46(c)(1)..............................................................................11

Utah Code Ann. § 13-11-2(4) ...................................................................................................11

Vt. Stat. Ann. tit. 9, § 2453(b) ..................................................................................................11

W. Va. Code Ann. § 46A-6-101(1)............................................................................................11

Wash. Rev. Code Ann. § 19.86.920...........................................................................................11

v

**INTRODUCTION**

There is no subject-matter jurisdiction over this case, so it "shall be remanded." 28 U.S.C. § 1447(c). That conclusion is ineluctable, and the Defendants know it. The Florida Attorney General's Department of Legal Affairs brought exclusively Florida claims in Florida state court for harms Defendants imposed on Floridians. Defendants nevertheless removed on the spurious ground that this is somehow an action "arising under" federal law. 28 U.S.C. § 1331. The assertion is preposterous. In almost every circumstance, a "suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (Holmes, J.). The removal is doomed under that rule, as only Florida law creates the causes of action here. Defendants nevertheless insist this case fits the narrow *Grable* exception to the Holmesian rule, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), where a state cause of action can nonetheless arise under federal law when it contains an embedded federal issue. There is a reason the Supreme Court has only applied this exception four times to support jurisdiction over the last *century.* The *Grable* test is stringent, and Defendants do not even make a half-hearted effort to meet it. They bear the burden to show that a federal question is (1) necessarily raised; (2) actually disputed; (3) substantial; *and* (4) would not upset the federalism balance Congress struck between state and federal courts. Defendants cannot meet any one of these factors. They do not *even try* to meet three of them.

Toggling from the frivolous to the risible, Defendants also contend that this Court has arising-under jurisdiction because the Plaintiff's claims—sounding in the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")—are preempted by federal law. That is as ludicrous as it sounds. Preemption is almost always an affirmative defense that does not support "arising under" jurisdiction. The lone exception is when federal law *completely* preempts state law by supplying the *sole and exclusive* cause of action. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

1

The Supreme Court has *never* applied the complete-preemption doctrine in cases remotely like this one. Neither has any other court.

Defendants' sole basis for invoking that plainly inapplicable doctrine is that, *if* the Department of Legal Affairs had elected to plead a separate federal cause of action, federal courts would have exclusive jurisdiction to resolve it. That is an obvious category error. Whether Congress chose to upset the default rule—concurrent jurisdiction in state and federal court—says precisely *nothing* about whether state claims are completely preempted under the Supremacy Clause. Take the Patent Act and binding Supreme Court precedent construing it. Federal patent claims can only be brought in federal court. 28 U.S.C. § 1338(a). That hardly means that a state cause of action—such as one for malpractice—that turns on the validity of a patent arises under federal law and must be brought in federal court. Quite the contrary: absent diversity jurisdiction, that claim *must* be brought in state court. *Gunn v. Minton*, 568 U.S. 251, 254-55 (2013).

There is only one explanation for Defendants' contumacious removal: delay. Defendants do not wish to face this sovereign enforcement action, and they know they cannot invoke diversity jurisdiction with a straight face. So, they rely on *Grable* and *Beneficial National Bank* in hopes that narrow exceptions to otherwise bedrock rules will offer the barest patina of good faith to make their removal a costless stall tactic. They of course have no chance of remaining in federal court, but cynically calculate that a busy federal judge may take months or longer to return this case to state court, where it has always belonged. The Court should not permit this gambit to succeed. It should swiftly remand this action back to Florida state court and impose costs and attorneys' fees for a removal that any reasonable lawyer should have known had no prospect of success. 28 U.S.C. § 1447(c).

**FACTUAL BACKGROUND**

Plaintiff Office of the Attorney General, State of Florida, Department of Legal Affairs ("Plaintiff" or "Department of Legal Affairs") filed its Complaint in the Circuit Court of the Tenth Judicial Circuit for Highlands County, alleging violations of *Florida's* Deceptive and Unfair Trade Practices Act and *Florida's* common law.[1] Dkt. No. 1-1 ¶¶ 172-308. The Complaint alleges that Defendants have jeopardized the safety and wellbeing of Floridians by touting their artificial intelligence product as safe for use in Florida when they knew or should have known it was anything but, all the while collecting the personal information of users in violation of state law.

Defendants are the creators of the artificial intelligence chatbot ChatGPT. Dkt. No. 1-1 ¶ 3. As alleged in the Complaint, ChatGPT collects information submitted by children under the age of 13 via text, audio, or image and then uses that information to both produce responses and improve the ChatGPT product. Dkt. No. 1-1 ¶¶ 41, 74. This collection begins as soon as children start to communicate with ChatGPT, without any age verification or gatekeeping features. Dkt. No. 1-1 ¶¶ 73, 227-228. If a child chooses to create a ChatGPT account, Defendants will also store any information submitted to ChatGPT by the child to inform future conversations through a specialized memory feature. Dkt. No. 1-1 ¶ 229.

Among Defendants' many sins, Plaintiff alleges that Defendants have violated FDUTPA, Fla. Stat. Ann. § 501.204 *et seq.*, because the conduct described above violates the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6501 *et seq.*, and Florida law considers the violation of "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods

---

[1] Plaintiff has brought ten state law claims against Defendants. Defendants have removed based solely on one claim, Count IV's, reference to COPPA violations as an unfair and immoral act or practice under Florida law. Defendants have not disputed that the other claims of the Complaint were properly brought in state court.

3

of competition, or unfair, deceptive, or unconscionable acts or practices" to be a violation of state law as well. Fla. Stat. Ann. § 501.203(3)(c).

Make no mistake, Plaintiff believes that Defendants have flagrantly and repeatedly violated COPPA. However, Plaintiff is not asserting a cause of action under COPPA, is not seeking relief under COPPA, and in fact expressly *disclaims* any cause of action under federal law. Moreover, COPPA is only one of many theories of recovery that support relief under FDUTPA. The Complaint is replete with allegations and counts that Defendants have engaged in "unfair," "deceptive," and "immoral" acts that have absolutely nothing to do with COPPA. *See* Dkt. No. 1-1 ¶¶ 43-48, 50-60, 65-72, 76-86, 104-107, 176-178, 190, 194, 208-210. Yet Defendants have impetuously removed this action, thumbing their noses at the governing legal standards.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Removal is improper unless the suit "could have [been] brought in federal district court originally," *Grable*, 545 U.S. at 312, and under Section 1447(c), a court must remand a case to state court if "it appears that the district court lacks subject matter jurisdiction." The removing defendant bears the "heavy burden" of establishing that removal is proper, *Stillwell v. Allstate Ins.*, 663 F.3d 1329, 1332 (11th Cir. 2011), and because the burden is heavy and the desire to protect state court jurisdiction is strong, the "defendant must make such a showing by clear and convincing evidence." *Henderson v. Wash. Nat'l Ins.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citation omitted). Thus, "[i]t is to be presumed that a cause lies outside" federal jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), particularly in "cases which a State has brought from the courts of that State, unless some clear rule demands it." *Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 21 n.22 (1983).

4

**ARGUMENT**

Defendants begin their Notice of Removal with a demonstrable falsehood: "Plaintiff's Complaint alleges causes of action against OpenAI for violations of…the federal Children's Online Privacy Protection Act." Dkt. No. 1 ¶ 1. No, it doesn't. In one count of the Complaint, the *Florida* Department of Legal Affairs alleges a cause of action under the *Florida* Deceptive and Unfair Trade Practices Act which codifies under *Florida* law that a violation of COPPA is an element of a *Florida* claim.

Defendants' removal is meritless. Rather than litigate this matter with the speed it deserves and recognize the rule that a plaintiff who "allege[s] state-law claims alone" is "ensure[d] a state forum[,]" *Royal Canin*, 604 U.S. at 35, Defendants have sought to manufacture federal question jurisdiction by invoking Section 1331, which empowers federal courts to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Defendants make three cursory arguments that Plaintiff's FDUTPA claims warrant federal jurisdiction: (1) that Plaintiff actually alleges a federal cause of action under COPPA, Dkt. No. 1 ¶ 4; (2) that COPPA is an embedded element of Plaintiff's FDUTPA claims, creating the rare circumstance where a suit can arise under federal law even though state law supplies the cause of action, Dkt. No. 1 ¶ 5; and (3) that Plaintiff's FDUTPA claims are completely preempted because COPPA claims must be brought in federal court. Dkt. No. 1 ¶ 6. All three arguments fail.

**1. Plaintiff does not allege a claim "arising" under COPPA.**

Defendants offer a conclusory half sentence to assert that federal question jurisdiction exists in this matter because "federal law creates the cause of action or that the plaintiff's right to relief depends on the resolution of a substantial question of federal law." Dkt. No. 1 ¶ 4 (quoting *Norris v. Brady*, 668 F. Supp. 3d 1257, 1263 (S.D. Fla. 2023)). The first part of this assertion

5

before the disjunctive "or" is not subject to interpretation and cannot be defended in good faith. There is simply no doubt that "federal law" does not create Plaintiff's cause of action.

District courts must adhere to the "well-pleaded complaint" rule, which provides that a plaintiff's properly pleaded complaint governs the jurisdictional determination. *Blab TV of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). The well-pleaded complaint rule "makes the plaintiff the master of the claim" and generally permits a plaintiff to "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). Plainly, on the face of the Complaint, federal law does not create *any* of Plaintiff's causes of action. The Court can be perfectly sure of that point because the Complaint says so expressly: "To avoid any doubt, the Plaintiff does not assert a claim pursuant to its authority to enforce the Children's Online Privacy Protection Act, but asserts instead that Defendants' practices in violation of COPPA constitute unfair practices under Florida law." Dkt. No. 1-1 ¶ 234. Defendants are not the masters of the Department of Legal Affairs's suit, and they are not free to blinker the well pleaded, unambiguous disclaimer of a COPPA claim. Whether Defendants like it or not, the claim that references COPPA is solely brought under FDUTPA. Congress did not enact FDUTPA, the Florida legislature did. Defendants' bald assertion that Plaintiff has brought a federal cause of action must be rejected.[2]

### 2. Plaintiff's claims do not meet the *Grable* exception.

Defendants' real argument is that this is the rare case where a pure state cause of action can supply "arising under" jurisdiction because it incorporates a federal issue as an element. Yet

---

[2] This is nothing like *Roman v. Hooters Spring Hill, Inc.*, No. 8:16–cv–01332, 2016 WL 8997452 (M.D. Fla. July 8, 2016), which simply held that where the plaintiff requested relief under the Fair Labor Standards Act, she had actually brought an FLSA claim. The plaintiff here could not have been clearer that it is *disclaiming* any claim under COPPA, and seeks no relief under that or any other federal statute.

Defendants *do not even try* to make the required showing. The limited *Grable* doctrine allows for a "special and small category" of state law claims to reach a federal court, but "it takes more than a federal element 'to open the "arising under" door.'" *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (quoting *Grable*, 545 U.S. at 313). This is a "slim" category of cases, "successfully trod very rarely." *AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1252-53 (11th Cir.), *cert. denied*, 146 S. Ct. 370, 223 L. Ed. 2d 198 (2025) (quotation omitted). Specifically, federal question jurisdiction may exist over a state law claim *only* if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Grable*, 545 U.S. at 313-14; *see also Gunn*, 568 U.S. at 258 (same). These four elements must *all* be present in order to find that removal passes muster under the *Grable* test. *AST & Sci. LLC*, 143 F.4th at 1253. Yet remarkably, Defendants *do not bother* to address three of the four required factors. They claim only that the federal issue is "substantial," conceding through forfeiture that the three other requisites are unmet. Dkt. No. 1 ¶ 5; *see Denton v. Wal-Mart Stores, Inc.*, 733 F. Supp. 340, 341 (M.D. Fla. 1990) (action "must be remanded" where necessary allegations establishing jurisdiction are missing); *Crawford v. Fargo Mfg. Co.*, 341 F. Supp. 762, 763 (M.D. Fla. 1972) ("The court is without jurisdiction to allow amendments to supply missing allegations after the expiration [of the removal period]."). That alone should be fatal to Defendants' removal, as they bear the heavy burden to establish jurisdiction.

There is a reason Defendants do not even address three of the required *Grable* factors. Forfeiture aside, they cannot come close to satisfying them.

      a.  *A federal issue is not "necessarily raised" by the Complaint.*

In order for Plaintiff's claims to *necessarily* raise a federal issue, resolution of that issue must be the *only* way Plaintiff is capable of recovering. *Christianson v. Colt Indus. Operating*

*Corp.*, 486 U.S. 800, 801-02 (1988) ("Since there are reasons completely unrelated to the provisions and purposes of federal…law why petitioners may or may not be entitled to the relief [they] see[k] under their…claim, the claim does not 'arise under' federal…law.").

Here, Plaintiff has described myriad practices by which Defendants have violated FDUTPA, none of which touch on *any* federal issue, including but not limited to: failing to warn of ChatGPT's dangers, Dkt. No. 1-1 ¶¶ 53, 161; offering a product where harmful information such as tips on eating disorders, self-harm, and mass murder are readily available, Dkt. No. 1-1 ¶¶ 77-78, 82, 87-102; offering a product that includes features that promote compulsive, prolonged, and unhealthy use, Dkt. No. 1-1 ¶¶ 70-72, 85, 114; offering a dangerous product without adequate safety testing, Dkt. No. 1-1 ¶¶ 79, 142, 144, 163-166; offering a product that promotes self-harm while falsely representing its safety, Dkt. No. 1-1 ¶¶ 47-48, 78, 82, 87-91; offering an unreliable product while falsely representing its reliability, Dkt. No. 1-1 ¶¶ 47, 50-54, 59-60; offering a product that falsely represents having human emotions and characteristics to earn the trust and further engagement of its users, Dkt. No. 1-1 ¶¶ 43, 46, 81, 85, 106-107; falsely assuring the public that ChatGPT is safe to use despite knowing that it often provides false or dangerous information, Dkt. No. 1-1 ¶¶ 47-48, 59-60, 161; and falsely representing that ChatGPT is capable of carrying out complex tracts despite knowing that it often provides inaccurate, false, or dangerous information, Dkt. No. 1-1 ¶¶ 50-60.

None of these practices can possibly raise a federal issue, let alone *necessarily* do so. This action is thus distinct from *Ayres v. Gen. Motors Corp.*, a pre-*Grable* case where the plaintiffs' *only* theory of recovery under the Georgia RICO statute was based "entirely" on violation of the federal mail fraud and wire fraud statutes. 234 F.3d 514, 518 (11th Cir. 2000). Because the Complaint alleges that Defendants have violated FDUTPA for "reasons completely unrelated to"

8

any federal law, Plaintiff's FDUTPA claims "do[] not arise under those laws." *Wi-LAN Int'l Taiwan, Inc. v. Hon Hai Precision Indus. Co.*, No. 12-cv-62097, 2013 WL 12091642, at *2 (S.D. Fla. Apr. 24, 2013) (quoting *Christianson*, 486 U.S. at 810).

> b. *There is no federal issue in "actual dispute."*

Defendants have yet to answer the Complaint or otherwise establish that any issue of federal law is disputed by the parties. *Grable*, 545 U.S. at 314. Not only have Defendants not answered the Complaint, their Notice of Removal provides no evidence of why they believe an issue of federal law may enter into dispute in the future. They make no reference as to whether they believe COPPA to be unconstitutional or how the statute has been interpreted by the courts. It may even be that Plaintiff agrees with their position, had it been made known; but if Defendants merely abhor the idea that COPPA be applied to the facts of the case, that is a factual issue and does not put an issue of federal law in dispute between the parties.

> c. *Federal jurisdiction over Plaintiff's claims would upset the federal-state balance approved by Congress.*

This case was brought by the Office of the Attorney General, State of Florida, Department of Legal Affairs, a coequal sovereign in our federal system. If ever an embedded federal question would pose federalism concerns, it is in a sovereign *state enforcement action* where the chief law enforcement officer for the people of that state has elected to bring a proceeding in state court against those who violate state law.

To deprive Plaintiff of its forum of choice when it makes no claim under any provision of federal law would surely upset "congressional judgment about the sound division of labor between state and federal courts." *Grable*, 545 U.S. at 308. Indeed, an action by a state's chief law enforcement official is far more likely to upset this congressionally approved balance than one by a private actor, where even if a suit is about *federally regulated* products, the courts have

9

nonetheless found this factor is unmet. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 814 (1986); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924, 20-CV-82312-RLR, 2021 WL 732725, at \*5 (S.D. Fla. Feb. 25, 2021) (noting several courts have found that removal of state law claims involving federally regulated products would upset the federal-state balance); *West Virginia ex rel. McGraw v. Bristol Myers Squibb Co.*, No. 13–1603 (FLW), 2014 WL 793569, at \*9 (D.N.J. Feb. 26, 2014).

> d.   *There is no "substantial" federal issue raised by the Complaint.*

The one ground Defendants deign to discuss is easy to dispatch. Whether Defendants violated COPPA as part of Plaintiff's FDUTPA claims is not a substantial federal issue. *Grable's* substantiality requirement "isn't about whether 'the federal issue [is] significant to the particular parties in the immediate suit'—as it often is—but is 'instead [about] the importance of the issue to the federal system as a whole.'" *AST & Sci. LLC*, 143 F.4th at 1253 (quoting *Gunn*, 568 U.S. at 260). This question is nothing like the constitutionality of federal bonds, *Smith v. Kansas City Title & Tr. Co.*, 255 U.S. 180 (1921), or the ability of the Internal Revenue Service to transfer title to seized property, *Grable*, 545 U.S. 308. Those questions matter for the Nation. Correctly interpreting COPPA to determine if Defendants violated it and if that violation in turn supports a FDUTPA claim may matter quite a bit to Defendants. But it hardly moves the needle for our Republic.

Yet Defendants insist that the Complaint raises a substantial federal issue because a state court may be called upon to apply COPPA to the facts of this case. Dkt. No. 1 ¶ 5. But this insight is nothing new. State law regularly incorporates federal law violations by reference and contemplates that state courts may need to consider them. *See* Ala. Code § 8-19-6; Alaska Stat. § 45.50.545; Ariz. Rev. Stat. Ann. § 44-1522(C); Conn Gen. Stat. Ann. § 42-110b(b); D.C. Code Ann. § 28-3901(d); Fla. Stat. Ann. § 501.204(2); Ga. Code Ann. § 10-1-391(b); Haw. Rev. Stat.

10

Ann. § 480-2(b); Idaho Code Ann. § 48-604(1); 815 Ill. Comp. Stat. Ann. § 505/2; Me. Rev. Stat. Ann. tit. 5, § 207(1); Md. Code Ann., Com. Law § 13-105; Mass. Gen. Laws Ann. ch. 93A, § 2(b); Miss. Code Ann. § 75-24-3(c); Mont. Code Ann. § 30-14-104(1); N.H. Rev. Stat. Ann. § 358-A:13; N.M. Stat. Ann. § 57-12-4; Ohio Rev. Code Ann. § 1345.02(c); R.I. Gen. Laws § 6-13.1-3; S.C. Code Ann. § 39-5-20(b); Tenn. Code Ann. § 47-18-115; Tex. Bus. & Com. Code Ann. § 17.46(c)(1); Utah Code Ann. § 13-11-2(4); Vt. Stat. Ann. tit. 9, § 2453(b); Wash. Rev. Code Ann. § 19.86.920; W. Va. Code Ann. § 46A-6-101(1).

That is not a license to remove these claims to federal court. *See, e.g., Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 676 (9th Cir. 2012) ("State courts frequently handle state-law consumer protection suits that refer to or are predicated on standards set forth in federal statutes."); *New Mexico ex rel. Balderas v. Preferred Care, Inc.*, 158 F. Supp. 3d 1226, 1233–34 (D.N.M. 2015) ("[C]ourts frequently decline to find substantial question jurisdiction predicated solely on an imported federal standard of care. . . . This Court will not extend federal subject matter jurisdiction in the face of such clear precedent to the contrary."); *Navistar Intern. Corp. v. Deloitte & Touche LLP*, 837 F. Supp. 2d 926, 930 (N.D. Ill. 2011) (invocation of "federal standards does not, by itself, give rise to *Grable* jurisdiction"); *Pennsylvania v. Eli Lilly & Co.*, 511 F. Supp. 2d 576, 584–85 (E.D. Pa. 2007) ("The mere presence of a federal standard embedded in a state law cause of action is not sufficient to warrant federal subject matter jurisdiction[.]").

Defendants are not the first to argue that consumer protection enforcement actions including a description of COPPA violations create federal jurisdiction, or that the removal of such actions can pass muster under *Grable*. But in *every* instance, courts have correctly rejected these improper removals. *See Platkin v. Discord Inc.*, No. 25-5130, 2026 WL 1091354 (D.N.J. Apr. 22, 2026) (no federal jurisdiction where violations of COPPA serve as a violation of New Jersey's

11

consumer protection statute); *California v. TikTok Inc.*, No. 4:24-CV-07942-YGR, 2025 WL 683730 (N.D. Cal. Jan. 28, 2025) (no federal jurisdiction where violations of COPPA serve as a violation of California's consumer protection statute); *New Mexico ex rel. Torrez v. Meta Platforms, Inc.*, No. 1:23-cv-01115-MIS-KK, 2024 WL 413609 (D.N.M. Feb. 5, 2024) (no federal jurisdiction where violations of COPPA serve as a violation of New Mexico's consumer protection statute).

None of Plaintiff's claims arise under federal law or implicate a substantial federal issue. The Court should remand this action back to state court.

### 3. COPPA does not completely preempt consistent state law claims.

Defendants' preemption argument is also a jumbled mess. To be sure, Congress has authorized a federal cause of action by permissively stating that attorneys general "**may** bring a civil action on behalf of the residents of the State in a district court of the United States[.]" 15 U.S.C. § 6504(a)(1) (emphasis added). But as the Complaint makes clear, the Department of Legal Affairs is *not* bringing such a claim. Dkt. No. 1-1 ¶ 234. Plaintiff is bringing a FDUTPA claim and a FDUTPA claim alone. There is *no chance* that such a claim is completely preempted. COPPA has *an express preemption clause*, that displaces state law only if it is "inconsistent" with federal standards. *See* 15 U.S.C. § 6502(d). That means that state claims that are *consistent* with COPPA are *not* preempted, and certainly not *so completely* preempted as to move what is normally an affirmative defense into a federal claim appearing on the face of the complaint. *Jones v. Google LLC*, 73 F.4th 636, 643 (9th Cir. 2023) ("Since [COPPA's] bar on 'inconsistent' state laws implicitly preserves 'consistent' state substantive laws, it would be nonsensical to assume Congress intended to simultaneously preclude all state remedies for violations of those laws."); *Platkin v. Discord Inc.*, No. 25-5130, 2026 WL 1091354, at *4 (D.N.J. Apr. 22, 2026) ("COPPA does not require that state-law actions incorporating COPPA standards proceed exclusively in

12

federal court, nor does it bar states from enforcing consistent protections through their own statutes"); *New Mexico ex rel. Balderas v. Tiny Lab Prods.*, 457 F. Supp. 3d 1103, 1121 (D.N.M. 2020), *on reconsideration*, 516 F. Supp. 3d 1293 (D.N.M. 2021) (COPPA's preemption provision did not preclude state law claims consistent with COPPA brought by state attorney general).

Here, the Department of Legal Affairs is bringing a state claim that incorporates a violation of COPPA as an element of a Florida cause of action. By exactly mirroring COPPA, it is beyond peradventure that this FDUTPA theory is not "inconsistent" with federal law. That leaves Defendants' argument that *if* Plaintiff had brought a COPPA claim that the Complaint *disclaims,* Plaintiff would have had to bring it in federal court. What has that got to do with the price of tea in China? Whether federal courts have concurrent or exclusive jurisdiction over a cause of action a plaintiff *is not asserting* is irrelevant to whether the cause of action a plaintiff *actually asserts* is so completely preempted by federal law that Congress has essentially occupied the entire field.

It is beyond the pale to think that Congress has done so here. Such complete preemption is "unusual" and can only exist "when Congress expressly so provides" or "when a federal statute wholly displaces [a] state law cause of action." *Beneficial Nat'l Bank*, 539 U.S. at 6, 8. "Complete preemption occurs only when a statute has 'extraordinary' preemptive force manifested in the clearly expressed intent of Congress," *Sheridan Healthcorp, Inc. v. WellCare of Fla.*, *Inc.*, No. 07-61018-CIV-DIMITROULEAS, 2007 WL 9701702, at *5 (S.D. Fla. Nov. 15, 2007) (citation omitted), and Defendants have pointed to no federal statute that could conceivably abate a sovereign's ability to police business practices in its own backyard—nor could they—because the Supreme Court "has construed statutes to give rise to complete preemption in only three instances: (1)…the Labor Management Relations Act…; (2)…ERISA…; and (3)…the National Bank Act[.]" *Angel v. Am. HomeHealth, Inc.*, No. 8:08-cv-486-T-33TBM, 2008 WL 11335072, at *2 (M.D. Fla.

13

Oct. 24, 2008), *report and recommendation adopted*, 2009 WL 10670294 (M.D. Fla. Jan. 26, 2009). This is not one of those instances, and the Court should remand this action back to state court.

**4. Plaintiff is entitled to costs and expenses as a result of Defendants' unreasonable removal attempt.**

Sanctions are amply warranted. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Under that provision, if the removing party "lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005), then the court may sanction that party, including by requiring it to pay the attorneys' fees of the party put to the expense of seeking remand.

Given the above, there is no "objectively reasonable basis" for seeking removal here. Defendants do not attempt to meet the *Grable* factors, and if Defendants had performed even a cursory review of courts' treatment of Attorneys' General actions bringing consumer protection claims based on COPPA violations, they would have been aware of the uniform failure to remove such cases. Sanctions are therefore warranted under 28 U.S.C. § 1447(c). And sanctions are the only way to deter Defendants from making the cynical calculation that removal is a costless way to purchase inordinate delay.

**CONCLUSION**

For the foregoing reasons, this action should be remanded to the Circuit Court of the Tenth Judicial Circuit for Highlands County. This Court should also sanction Defendants under 28 U.S.C. § 1447(c) and order Defendants to pay Plaintiff's costs and attorneys' fees associated with litigating this motion.

14

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

The undersigned certifies that counsel for Plaintiff has conferred, via email, with the opposing counsel in good faith to resolve the relief requested in this motion. The opposing counsel is opposed to the relief requested.

Date: July 10, 2026

Respectfully submitted,

JAMES UTHMEIER
*Attorney General*

RYAN D. NEWMAN
*Chief Deputy Attorney General*

JASON HILBORN
*Deputy Attorney General*
*Civil Division*

/s/ Diane K. Oates
Diane K. Oates
(FLB 116233, FLSD A5502107)
*Chief, Assistant Attorney General*
OFFICE OF THE FLORIDA
ATTORNEY GENERAL
1 S.E. Third Avenue, Suite 900
Miami, FL 33131
Telephone: (305) 377-5835
Diane.Oates@myfloridalegal.com

Ashley Keller (FLB 1029118)
(*pro hac vice forthcoming*)
KELLER POSTMAN LLC
2333 Ponce de Leon Blvd, Suite R240
Coral Gables, Florida 33134
Telephone: (833) 633-0118
ack@kellerpostman.com

Jessica Beringer (*pro hac vice forthcoming*)
Alex Dravillas (*pro hac vice forthcoming*)
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 741-5220
jessica.beringer@kellerpostman.com
ajd@kellerpostman.com

Victoria Ann Butler (FLB 861250)
*Director of Consumer Protection Division*
3507 East Frontage Road, Suite 325
Tampa, Florida 33607
Telephone: (813) 287-7950
Victoria.Butler@myfloridalegal.com

Cristina Hernandez Villar (FLB 102305)
*Senior Assistant Attorney General*
110 SE 6th Street, 10th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 712-4600
Facsimile: (850) 410-2672
Cristina.HernandezVillar@myfloridalegal.com

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document is being served on July 10, 2026, by

the filing system CM/ECF to all counsel of record.

*/s/ Diane K. Oates*
Diane K. Oates
