**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION**

OFFICE OF THE ATTORNEY GENERAL,
STATE OF FLORIDA, DEPARTMENT OF
LEGAL AFFAIRS,

   Plaintiff,

v.

OPENAI GLOBAL, LLC; OPENAI
FOUNDATION (F/K/A OpenAI, Inc.);
OPENAI OPCO, LLC; OPENAI GROUP
PBC; OPENAI HOLDINGS, LLC; and
SAM ALTMAN,

   Defendants.

_____/

CASE NO: 2:26-cv-14238-AMC

**DEFENDANTS' REMOVAL STATUS REPORT**

Pursuant to this Court's Notice of Court Practices in Removal Cases, [ECF No. 8],

Defendant OpenAI Group PBC; Defendant OpenAI Foundation; Defendant OpenAI OpCo, LLC;

Defendant OpenAI Holdings, LLC; Defendant OpenAI Global, LLC; and Defendant Sam Altman

(collectively, "OpenAI")[1] submit this Removal Status Report:

1.  **A plain statement of the nature of the claim and any counterclaim, cross-claim or third-party claim made in state or federal court, including the amount of damages claimed and any other relief sought:**

Plaintiff Office of the Attorney General for the State of Florida ("Plaintiff") brings claims

against OpenAI for alleged harm caused by OpenAI's ChatGPT service. *See generally* Plaintiff's

---

[1] In joining this Removal Status Report, Defendant Sam Altman is not making a general appearance in this matter and objects to and otherwise reserves the defense of lack of personal jurisdiction.

1

Complaint, [ECF No. 1-1]. Plaintiff has brought ten counts for alleged violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Counts I-IV), Negligence (Count V), Gross Negligence (Count VI), Strict Liability Design Defect (Count VII), Strict Liability Failure to Warn (Count VIII), Fraudulent Misrepresentation (Count IX) and Public Nuisance (Count X). *See id.* Plaintiff seeks injunctive relief, damages in excess of $50,000, and reserves the right to seek punitive damages. *Id.* No counterclaim, cross-claim, or third-party claim has been made.

2.      **A plain statement of the grounds for removal and a listing of all parties to the action, including parties to any third-party claim:**

This case was removed under 28 U.S.C. § 1331, which provides that federal district courts have original jurisdiction when there is a federal question—or when the action "aris[es] under the Constitution, laws, or treaties of the United States." Defendants' Notice of Removal ("Notice"), [ECF No. 1], ¶ 3.  This Court has jurisdiction to hear this matter for at least three reasons.

First, Plaintiff explicitly alleges claims that arise under federal law, specifically alleging violations of COPPA and seeking relief identical to the relief provided under COPPA. *See* Compl. ¶¶ 219-239 (alleging violations of COPPA and implementing regulations); ¶ 230 ("Defendants fail to provide notice to parents about the information they collect from children and how they use such information in violation of 16 C.F.R. §§ 312.4(b)—(c)"); ¶ 233 ("Defendants have failed and continue to fail to obtain verifiable parental consent before collecting or using children's personal information, in violation of 16 C.F.R. § 312.5"); *Norris v. Brady*, 668 F. Supp. 3d 1257, 1263 (S.D. Fla. 2023) ("When a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on the resolution of a substantial question of federal law, federal question jurisdiction exists"); *Roman v. Hooters Spring Hill, Inc.*, No. 8:16-CV-01332, 2016 WL 8997452, at *2 (M.D. Fla. July 8, 2016) (holding that federal

question jurisdiction existed where, although the Complaint sought relief pursuant to state law, the plaintiff requested a declaration that the defendant violated the Fair Labor Standards Act, which required the Court to interpret the federal statute).

Second, this Court has an independent basis for federal question jurisdiction because a violation of COPPA is an essential element of Count IV of the Complaint, resolution of which necessarily depends on the construction and application of COPPA and its implementing regulations promulgated by the Federal Trade Commission ("FTC"). *See Ayres v. Gen. Motors Corp.*, 234 F.3d 514 (11th Cir. 2000). This presents a substantial federal question for several reasons, including because Congress enacted procedures contemplating that a state attorney general would bring an action in a United States district court for alleged violations of the FTC's regulations implementing COPPA and would provide notice to the FTC before or at the time of filing the lawsuit. 15 U.S.C. § 6504.  Further, the application of COPPA to artificial intelligence research services is a novel question of federal law that should be adjudicated in federal court.

Third, this Court has federal jurisdiction because the exclusive means for a State Attorney General to enforce violations of COPPA is federal district court. 15 U.S.C. § 6504(a)(1). As the Supreme Court has explained, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). The "dispositive question" is whether "Congress intended the federal cause of action to be exclusive." *Id.* at 9, n.5. If so, any state-law claim falling within that exclusive federal cause of action "necessarily arises under federal law and the case is removable."  *Id.* at 9.

Such is the case here.  COPPA's section entitled "Actions by States" provides:

> In any case in which the [AG] of a State has reason to believe that
> an interest of the residents of that State has been or is threatened or

adversely affected by the engagement of any person in a practice that violates any regulation of the [Federal Trade] Commission prescribed under section 6502(b) of this title, the State, as parens patriae, may bring a civil action on behalf of the residents of the State in **a district court of the United States** of appropriate jurisdiction to [obtain relief].

15 U.S.C. § 6504(a)(1) (emphasis added)).

This Court also has supplemental jurisdiction over all other claims that form part of "the same case or controversy" as civil actions in which the courts have original jurisdiction. 28 U.S.C. § 1367.

3.      **The parties to the action.** The parties are Plaintiff Office of the Attorney General for the State of Florida, and Defendants: OpenAI Group PBC; OpenAI Foundation; OpenAI OpCo, LLC; OpenAI Holdings, LLC; OpenAI Global, LLC; and  Sam Altman. There are no third-party claims pending.

4.      **A list of all pending motions:**

There are no pending Motions from the state-court action. (The only motion filed in state court was an Agreed Motion for Extension of Time to Respond to the Complaint, which was granted on June 22, 2026). In the present action, Plaintiff filed a Motion to Remand on July 10, 2026, [ECF No. 12], which remains pending before the Court (and is not yet ripe for adjudication).

5.      **If there are multiple defendants, a brief statement by each Defendant explaining whether or not each has joined in or consented to the notice of removal:**

Defendant OpenAI Group PBC; Defendant OpenAI Foundation; Defendant OpenAI OpCo, LLC; Defendant OpenAI Holdings, LLC; Defendant OpenAI Global, LLC; and Defendant Sam Altman each consented to and joined in the Notice of Removal. *See* Notice at 1.

4

**6.** **A statement regarding whether the Defendant(s) have removed the action within thirty (30) days after the receipt by the Defendant(s), through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within thirty (30) days after service of summons upon the Defendant(s), if such initial pleading has then been filed in court and is not required to be served on the Defendant(s) in the action:**

The removal of this action was timely pursuant to 28 U.S.C. § 1446(b)(1). Defendants OpenAI Group PBC and OpenAI OPCO, LLC were served on June 2, 2026. Notice ¶ 10. Defendants OpenAI Foundation, OpenAI Global, LLC, and OpenAI Holdings, LLC were served on June 3, 2026. *Id.* Counsel for OpenAI accepted service on behalf of Defendant Sam Altman on June 18, 2026. *Id.* Given that the last Defendant was served on June 18, 2026, Defendants timely removed this action on July 2, 2026.[2]

**Certification of Compliance with Court's Notice of Court Practices in Removal Cases**

The Court's Notice of Court Practices in Removal Cases, [ECF No. 8], also provides that "Counsel for the removing party shall provide copies of this Notice to all concerned parties, including opposing counsel, and shall include a certificate of compliance in the forthcoming *Removal Status Report*." The undersigned hereby certifies that the Court's Notice of Court Practices in Removal Cases, [ECF No. 8], was served on Plaintiff's counsel of record via email on July 9, 2026.

/s:/ *Gregor J. Schwinghammer, Jr., Esq.*
Gregor J. Schwinghammer, Jr., Esq.

---

[2] The Court's Notice of Court Practices in Removal Cases, [ECF No. 8], also provides "counsel for the removing party must file copies of all records and proceedings in the state court proceedings by" July 22, 2026.  Counsel filed the referenced records and proceedings with Defendants' Notice of Removal.  *See* ECF Nos. 1-1, 1-2, 1-3.

Dated: July 22, 2026                              Respectfully submitted,

                                                  */s:/ Gregor J. Schwinghammer, Jr., Esq.*
                                                  Gregor J. Schwinghammer, Jr.
                                                  Florida Bar No. 90158
                                                  GUNSTER, YOAKLEY & STEWART, P.A.
                                                  777 S. Flagler Drive, Suite 500 East
                                                  West Palm Beach, FL 33401
                                                  Telephone: (561) 655-1980
                                                  Facsimile: (561) 655-5677
                                                  Primary Email: gschwinghammer@gunster.com
                                                  Secondary Email: jfirogenis@gunster.com

                                                  George S. LeMieux, Esq.
                                                  Florida Bar No. 016403
                                                  GUNSTER, YOAKLEY & STEWART, P.A.
                                                  450 East Las Olas Boulevard, Suite 1400
                                                  Fort Lauderdale, Florida 33301
                                                  Telephone: (954) 462-2000
                                                  Facsimile: (954) 523-1722
                                                  Primary E-mail: glemieux@gunster.com
                                                  Secondary E-Mail: rbelons@gunster.com

                                                  Joseph W. Jacquot
                                                  Florida Bar No. 189715
                                                  GUNSTER, YOAKLEY & STEWART, P.A.
                                                  1 Independent Drive, Suite 2300
                                                  Jacksonville, Florida 32202
                                                  Telephone: (904) 354-1980
                                                  Facsimile: (904) 354-2170
                                                  Primary E-mail:    jjacquot@gunster.com
                                                  Secondary E-mail: wpruim@gunster.com

                                                  Monique Zapata, Esq.
                                                  Florida Bar No. 1025828
                                                  GUNSTER, YOAKLEY & STEWART, P.A.
                                                  450 East Las Olas Boulevard, Suite 1400
                                                  Fort Lauderdale, Florida 33301
                                                  Telephone: (954) 462-2000
                                                  Facsimile: (954) 523-1722
                                                  Primary E-mail: mzapata@gunster.com
                                                  Secondary E-Mail: shely@gunster.com

                                                  *Counsel for Defendants*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document is being served on July 22, 2026, via automatic email generated by the filing system CM/ECF to all counsel of record.

*/s:/ Gregor J. Schwinghammer, Jr., Esq.*
Gregor J. Schwinghammer, Jr., Esq.

7